UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MARY CASTRO,**

    **Plaintiff,**

**v.**                                                 Case No: 5:19-cv-580-Oc-30PRL

**FLUOR DANIEL SERVICES
CORPORATION,**

    **Defendant.**

## ORDER

This employment discrimination case is before the Court for consideration of Defendant's Second Motion to Compel (Doc. 13), to which Plaintiff has responded in opposition. (Doc. 17). For the reasons explained below, Defendant's motion is due to be granted.

**I.    Background**

In this action, Plaintiff brings claims for sexual harassment and retaliation based upon her previous employment with Defendant. Defendant's motion recites that it served its First Request for Production and First Set of Interrogatories on Plaintiff on December 23, 2019. Plaintiff initially failed to respond to the discovery requests, prompting Defendant to file a motion to compel. After the motion was filed, Plaintiff responded to the requests.

Defendant, however, contends that the responses are insufficient and contain numerous deficiencies, which Defendant addressed in a formal deficiency letter to Plaintiff's counsel and during conferences with Plaintiff's counsel. In a brief eight sentence response to Defendant's motion (Doc. 17), Plaintiff contends that she is living in Indonesia and that she "has provided all discovery."

## II. Legal Standards

Generally, parties are entitled to discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering various factors. Fed.R.Civ.P. 26(b)(1). Under Rule 26, however, the Court has broad discretion to limit the time, place, and manner of discovery as required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). The Court's exercise of discretion to appropriately fashion the scope and effect of discovery will be sustained unless it abuses that discretion to the prejudice of a party. *Amey, Inc. v. Gulf Abstract & Title, Inc*., 758 F.2d 1486, 1505 (11th Cir.1985); see also *Moore v. Armour Pharm. Co*., 927 F.2d 1194, 1197 (11th Cir.1991) ("The trial court ... has wide discretion in setting the limits of discovery, and its decisions will not be reversed unless a clearly erroneous principle of law is applied, or no evidence rationally supports the decision.").

## III. Discussion

Defendant moves to compel responses to both interrogatories and requests for production. The Court will address each disputed discovery request in turn.

### A. Interrogatory No. 6.

Defendant's Interrogatory No. 6 requests:

> As to your claim for monetary damages, identify each element or component of the damages sought in this action, including, but not limited to, any claims for lost or back wages and benefits, front pay, liquidated damages, attorney's fees, emotional distress, and punitive damages; the dollar amount of each element/component of the damages alleged in the Complaint; the dollar amount of any interim earnings or other offsets to claims of lost or back wages and benefits; any factual or legal assumption(s) necessary to the computation of teach such element/component of the damages; the method(s) used to compute each element/component; the person who made the computations; and the identify any documents supporting such calculations.

Plaintiff's initial response was simply "Will calculate back wages." Now, in response to the motion to compel, Plaintiff states, "Plaintiff has produced in discovery a pay stub that she received from Defendant in March 2018. Said pay stub discloses a regular rate of pay of $22 and $33 for overtime work. Thus, back pay is at an annual rate of approximately $45,000 to $50,00 depending on overtime needs for her position." (Doc. 17).

Needless to say, Plaintiff's initial response was insufficient and her response to the motion is also insufficient. Defendant is entitled to the information sought with a reasonable level of detail as requested by the interrogatory. Plaintiff is also entitled to have the answers to the interrogatories verified and sworn under oath as contemplated by Fed. R. Civ. P. Rule 33 of and as requested by the interrogatories themselves. Indeed, Rule 33 provides that "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." At a minimum, Plaintiff must provide a detailed calculation of all claims for any category of damage claimed, including the assumptions the calculation is based upon (such as pay rate, hours worked, hours of overtime worked, etc.). Plaintiff also must state the person who made the computations and the identify of any supporting documents.

### B.     Interrogatory No. 7

Defendant's Interrogatory No. 7 states:

> State every source of income you have had since your last day of work for Defendant, setting forth the amount of income from each source and the dates received, including but not limited to income received through employment, self-employment, federal, state or other government assistance (including unemployment compensation), insurance and/or private or charitable donations.

Plaintiff's initial response was simply "N/A." Now, in response to the motion to compel, Plaintiff states "Plaintiff has disclosed to Defendant in discovery that she has not worked since her discharge from employment in March 2018." (Doc. 17).

- 3 -

Defendant argues that this response is insufficient and apparently contradicts with other information that Plaintiff is living and working in Indonesia. Defendant states that it has "been advised by Plaintiff's counsel that Plaintiff is currently working in Indonesia." (Doc. 13, p. 2). The Court agrees that Plaintiff's response of "N/A" is wholly insufficient. Defendant is entitled to have its interrogatory answered with an affirmative statement which, again, must be sworn and verified under oath pursuant to Rule 33. If Plaintiff has not had any sources of income since leaving her employment with Defendant, she must affirmatively say so. If she has been employed or received other income since leaving her employment with Defendant, she must say so. She must set forth the source of that income, amount, and dates as requested by the interrogatory. Plaintiff may not equivocate or avoid answering the interrogatory by providing a partial answer or by simply stating "N/A."

### C. Request for Production No. 9

Defendant's Request for Production No. 9 states:

> If Plaintiff is seeking damages for emotional distress, mental anguish, humiliation, pain and suffering or similar conditions; produce any and all medical records, including records, notes, charts, reports, letters, prescriptions, or other documents relating to any treatment received by Plaintiff from any physician (Including psychiatrist), psychologist, psychotherapist or other mental health counselors that support or refute Plaintiff's claim for damages due to emotional trauma, pain and suffering, and mental anguish as alleged in Plaintiff's Complaint.

Plaintiff's initial response was "None." Plaintiff now responds that "Plaintiff is waiving emotional distress damages and there is no requirement to produce medical records."

Defendant, however, points out that Plaintiff also stated in her interrogatory answers that she has received medical treatment for injuries and resulting damages she claims are related to the issues raised in her Complaint. Consequently, Defendant was understandably left confused by Plaintiff's answer.

- 5 -

If Plaintiff is unequivocally waiving any claim for emotional distress damages, then no further response in discovery is necessary. And, as an aside, any claim for emotional damages must be included in the answer to Interrogatory No. 6 as discussed above. If Plaintiff seeks <u>any</u> category of damages related to emotional distress, mental anguish, humiliation, pain and suffering, or a similar condition as set forth in Request No. 9, Plaintiff must provide a sufficient response to Production No. 9.

### D. Production Request No. 2

Finally, Defendant argues that Plaintiff's document production may not be complete. Defendant requested any documents or communications that supported her claims and Plaintiff produced a single screen shot of a text conversation between herself and a former co-worker whom she accuses of sexual harassment. Defendant argues that Plaintiff failed to produce the entire conversation and contends that it is entitled to the full conversation in context.

Meanwhile, Plaintiff argues that she "has produced the entirety of the text messages she received or sent from employees of Defendant." This answer, however, belies common sense. While theoretically possible, it is highly unlikely that there would be nothing more than a single screen shot of the disputed text conversation. If, indeed, there is more to the text conversation and it is in Plaintiff's possession, Plaintiff must produce it.

### E. Sanctions

Defendant has also requested that Plaintiff be sanctioned by the Court and ordered to pay the attorneys' fees and costs necessitated by Defendant's motion. Indeed, under Fed. R. Civ. P. 37(a)(5)(A), it appears that it is appropriate here for the Court to require Plaintiff to pay Defendant's reasonable expenses incurred in making the motion to compel, including attorney's

fees. It does not appear that Plaintiff's nondisclosure was substantially justified, nor do other circumstances make an award of expenses unjust.

Finally, while Defendant has not moved to compel Plaintiff's deposition, it notes that "it has yet been unable to take Plaintiff's deposition due to apparent continued unavailability." The parties are reminded that Fed. R. Civ. P. 30 governs depositions by oral examination and contemplates depositions by remote means. The parties are also reminded that, in some circumstances, a plaintiff's failure to appear for deposition can result in sanctions, including dismissal of the case.

### IV.   Conclusion

As explained above, Defendant's motion to compel (Doc. 13) is GRANTED. Within 14 days of the entry date of this Order, Plaintiff shall provide to Defendant full and complete answers to Interrogatory No. 6 and Interrogatory No. 7, and shall produce all documents responsive to Production Request No. 2 and Production Request No. 9. Also within 14 days of the entry date of this Order, Defendant may submit an application for its reasonable expenses incurred in making the motion to compel, including attorney's fees, following which Defendant shall have 10 days within which to file a response with any objections.

**DONE** and **ORDERED** in Ocala, Florida on August 4, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties